IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONSTELLATION TECHNOLOGIES LLC, *Plaintiff* vs. TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC, *Defendants* | Civil Action No. 2:13-CV-1079-RSP **LEAD CASE** **JURY TRIAL DEMANDED** |

# CONSTELLATION'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

3094621

Despite volumes of correspondence, numerous meet and confer discussions, and an opposition brief, TWC has still not provided any reason why Constellation should be required to relinquish its property rights to the trade secret information contained in its Confidential Contentions.  To the contrary, TWC now admits, Constellation has agreed to essentially every one of TWC's requests to make limited disclosures of these materials to people who might actually have a need to see them.  TWC has also identified no counterpoint to the harm that an unrestricted public disclosure of these materials would inflict on Constellation.  Furthermore, TWC has not even attempted to engage with the facts provided in the declaration of Donald Powers, establishing that the Confidential Contentions are Constellation trade secrets, or the legal authority confirming that such materials are entitled to the protections afforded by the reasonable designation assigned them.

**I.     The Court Has Made No Ruling Regarding The Confidential Contentions.**

Constellation filed this motion (Dkt. No. 99) because TWC repeatedly and unjustifiably insisted that Constellation de-designate its Confidential Contentions.  Before Constellation filed its motion, the Court had never seen the Confidential Contentions or the technical analysis by which they were created, nor had it been briefed on any relevant authorities.  Indeed, "Constellation [previously] asked Defendants to agree to separate briefing on this issue so that the Court could consider the full record on the subject of why the P.R. 3-1 disclosures are proprietary and properly designated.  Defendants refused." Constellation's Briefing on Disputed Provisions of Protective Order, Dkt. 83, Ex. B.

Despite this, TWC inexplicably argues that the Court has already—without ever having seen the Confidential Contentions—ruled on how they should be designated under the Protective Order.  But the only Order to which TWC points establishes the opposite. The Court ordered that a party challenging the designation of any document must seek an order from the Court, and TWC has never filed a motion seeking any such order.  Protective Order, Dkt. No. 97, ¶ 19.  But given the current impasse, Constellation respectfully submits that this issue is now ripe for adjudication and requests the Court's assistance.

**II. Public Disclosure Of The Confidential Contentions Would Harm Constellation, And TWC Offers No Legitimate Need For Such Disclosure.**

TWC acknowledges that when considering the appropriateness of Constellation's confidentiality designation, the Court must balance the harm that public disclosure would cause Constellation against "the need of the party seeking discovery." TWC's Opposition to Constellation's Motion for Protective Order ("TWC Opposition"), Dkt. No. 103, p. 11. Despite paying lip service to the required balancing of interests, TWC fails to identify any reason why it might need to distribute Constellation's confidential information at will, and ignores that unrestricted public disclosure would cause real harm to Constellation.

It is undisputed that Constellation would be significantly harmed by unrestricted public disclosure of its Confidential Contentions. Constellation and its parent, Rockstar Consortium, have many competitors that also license intellectual property in the telecommunications industry. If the information in Constellation's Confidential Contentions was made available to the public, free-riding competitors could attempt to market their competing technologies to the same telecommunications companies and improperly take advantage of Constellation's enormous investment in developing its proprietary technical analysis. Competing licensing companies could likewise discover how Constellation arranges, organizes, and presents the technical information it has spent so much time and money compiling. None of this is contested. Constellation provided a sworn declaration that TWC has simply ignored. Constellation also cited and discussed a large number of cases finding that such materials are entitled to protection, which TWC also ignored.

With respect to the other portion of the "balancing of interests" that TWC concedes is required here, TWC has articulated *no legitimate need* to disclose Constellation's confidential information to the general public or, in fact, to any entity other than those with which Constellation has *already* agreed to allow (or agreed to discuss allowing) the Confidential Contentions to be shared. Constellation has already explained, and TWC has now confirmed, that Cisco, ARRIS, and TWC's Cable Company Partners refused to accept service of the Confidential Contentions under modest confidentiality provisions. TWC

Opposition at 11-12, n. 6.[1]  But no entity, including TWC, has ever explained how there could be any need for unrestricted public distribution of the Confidential Contentions.

TWC is evidently working with Cisco Systems on an *inter partes review* ("IPR") that Cisco is attempting to initiate against Constellation's patents.  TWC Opposition at 4.[2]  Constellation stated that it would discuss the use of its Confidential Contentions in this third-party proceeding if TWC was willing to provide some assurance that the information would retain its confidential designation.  *Id*.  TWC flatly refused to engage in any such discussion.  TWC's unwillingness to have a reasonable discussion does not justify its attempt to strip Constellation of important confidentiality rights.

TWC's characterization of *Constellation, LLC v. Avis Budget Group, Inc.* as supposedly mandating full public disclosure of confidential information is also misplaced.  First, in that case, the patentee *refused* to allow defendant FedEx to use its claim charts in an IPR that FedEx threatened to bring.  *Avis*, 2007 WL 7658921, at *2.  Constellation—unlike the unrelated plaintiff of the same name in the *Avis* case—did not refuse and instead said it was willing to discuss the use of the Confidential Contentions in Cisco's pending IPR under the Patent Office's standard protective order, but TWC refused to engage in discussion.  Second, unlike in *Avis*, the IPR that TWC references was brought by a third party—Cisco— not by TWC, and TWC now claims it is a stranger to the IPR.  Ex. 2.  Constellation has legitimate questions about the manner in which its Confidential Contentions would be used by TWC in a third-party proceeding to which TWC claims it has no involvement.  Rather than supply answers, TWC has steadfastly refused to discuss these subjects.

---

[1] Additionally, TWC misstates Constellation's position on the Defendants TWC and Windstream sharing the Confidential Contentions between themselves.  As TWC's evidence shows, Constellation was under the impression that TWC and Windstream had already shared the Confidential Contentions with each other.  TWC Opposition, Ex. 19 at 3.  When Constellation asked TWC whether they had in fact done so, TWC was silent.  Ex. 1.  Constellation nonetheless re-confirmed that the defendants could share between each other.

[2] TWC appears to be seeking two bites at the invalidity apple.  It is attempting to procure evidence for use in the IPR proceeding, while representing that it is not participating at all in the IPR proceeding so that it can argue it is not bound by the results.  Ex. 2.

In sum, Constellation has never denied any TWC request to share the Confidential Contentions with any entity that has any relationship to this case, or even in the IPR proceeding to which TWC insists it is not party. TWC, in contrast, has failed to articulate *any* genuine rationale for converting the Confidential Contentions into public information.

**III. The Confidential Contentions Are Trade Secrets That Deserve Protection.**

Constellation provided a sworn declaration describing the creation of its Confidential Contentions, and established that under settled law they qualify as trade secrets and are thus (among other reasons) properly designated confidential under the Protective Order.

TWC does not, and cannot, engage with either the facts or law in Constellation's motion. TWC's only counterargument is its suggestion that the legitimate designation of Constellation's Confidential Contentions as confidential would somehow allow all basic court filings to be so designated. TWC is profoundly incorrect. As Constellation explained in its Motion, Constellation has no desire to designate any basic *legal* analysis as confidential; it seeks only to protect Constellation's extensive and costly compilation of *technical* analyses of large amounts of scientific and engineering information contained in the Confidential Contentions. Motion, p. 6, n. 5.

Confidential technical information is routinely filed under seal in patent cases, for good reason. Indeed, TWC has itself designated as confidential, in this case, many of the same types of documents and discovery that it now contends should not be designated in that manner. For example, TWC has designated essentially all technical documents describing the operation of its networks as "Confidential" or "Confidential – Attorney's Eyes Only." TWC appreciates that the confidential technical work of its engineers and scientists provides TWC with competitive advantages and should not be disclosed to the public or its competitors. The confidential technical work of Constellation's engineers and scientists should be treated the same. As detailed in the Powers Declaration, which TWC does not even acknowledge, the confidential technical analysis at issue deserves such protection.

Finally, TWC's reliance on the two-page *Fractus* order is misplaced. In that case,

the protective order, like the order in this case, did not permit the designation of "information that has been discerned through *legal* examination of *the product itself* without the use of defendants' [Confidential] Information." *Fractus S.A. v. Samsung Electronics, Co.*, No. 6:09-cv-203, Dkt. No. 410, slip op. at 2 (E.D. Tex. June 7, 2010) (emphasis added). In this case, however, Constellation is not trying to protect "legal examination of the accused product itself." Instead, it conducted a technical examination of disparate pieces of information about *TWC* and its networks and services to build out a full picture of how TWC's services operate as a whole. Declaration of Donald Powers, Dkt. No. 99, ¶¶ 3-4. *Fractus* therefore does not control here, apart from Judge Love's holding that "[a] party's contentions may include protected information and thus be appropriately designated confidential." Slip Op. at p. 2. Far more instructive are the judicial findings in this district that compilations of publicly-available information in claim charts "are confidential business information . . . that . . . should be subject to a protective order." *MLR, LLC v. ZTE Corp.*, No. 1:09-cv-01023, April 9, 2010 Hearing on Motions, Dkt. No. 87, 10:21-22 (April 14, 2010); *see also, e.g.*, *Power Mosfet Technologies, L.L.C. v. Siemens AG, et al.*, No. 2:99-cv-168, Dkt. No. 574, slip op. at 3–4 (E.D. Tex. Aug. 21, 2001) (holding that good cause did not "exist[] to declassify documents relating to Plaintiff's alleged trade secrets, specifically how [the plaintiff] identifies, tests, and investigates potential infringing product[s].").

The balancing of the interests at stake in this motion is not challenging. Constellation has agreed to disclosure of the Confidential Contentions to all of TWC's suppliers and to Windstream. Constellation also attempted to provide the Contentions to TWC's Cable Company Partners. And, it agreed to discuss confidentially providing them to the PTO in a third-party proceeding. Unwilling to take "yes" for an answer, and unable to explain why it could even conceivably need more than it has been offered, TWC is now seeking this Court's authorization to harm Constellation by disseminating its confidential information to the general public. Constellation respectfully requests a finding that the Confidential Contentions may continue to be protected as confidential.

Respectfully submitted,

      */s/ Jason Sheasby*
Jason G. Sheasby
jsheasby@irell.com
Benjamin W. Hattenbach
bhattenbach@irell.com
Ellisen S. Turner
eturner@irell.com
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067
P: 310-203-7675
F: 310-203-7199

Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
gil@gillamsmithlaw.com

**ATTORNEYS FOR CONSTELLATION TECHNOLOGIES LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 1st day of August, 2014.

      */s/ Zachary T. Elsea*
Zachary T. Elsea

3094621