IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CONSTELLATION TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC. and TIME WARNER CABLE ENTERPRISES LLC,<br><br>Defendants. | Civil Action No. 2:13-cv-1079-RSP |

**TWC'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF
CONSTELLATION'S MOTION FOR PROTECTIVE ORDER**

## TABLE OF CONTENTS

                                                                                    **Page**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT ..........................................................................................................1

          A.      Constellation Ignores The Plain Language Of The Protective Order. ..........................................................................................................1

          B.      Constellation's Infringement Contentions Do Not Contain Protectable, Technical Material, And It Has Not Demonstrated Any Specific Harm That It Will Suffer If The Charts Are De-Designated ..........................................................................................3

          C.      Over-Designation Harms The Litigants, The Court, And The Public. ........................................................................................................4

III.    CONCLUSION .......................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bankhead v. Gregg County*,
   No. 2:11-cv-279-JRG, 2013 U.S. Dist. LEXIS 3001 (E.D. Tex. Jan. 9, 2013) .............. 5

*Document Generation Corp. v. Allscripts, LLC*,
   No. 6:08-cv-479-JDL, 2009 WL 1766096 (E.D. Tex. Jun. 23, 2009) ........................... 1

*In re Terra Int'l, Inc.*,
   134 F.3d 302 (5th Cir. 1998) ...................................................................................... 1

*In Re Violation of Rule 28(d)*,
   635 F.3d 1352 (Fed. Cir. 2011) ............................................................................. 3, 5

*Medtronic, Inc. v. Mirowski Family Ventures, LLC*,
   134 S. Ct. 843 (2014) .................................................................................................. 5

*Round Rock Research v. Dell, Inc.*,
   Case No. 4:11-cv-332, 2012 WL 1848672 (E.D. Tex. Apr. 11, 2012) ........................ 3

*SmithKline Beecham Corp. v. Apotex Corp.*,
   403 F.3d 1331 (Fed. Cir. 2005) ................................................................................. 5

**Other Authorities**

Tex. Civ. P. & Remedies Code § 134.A.002 ..................................................................... 3

**I.      INTRODUCTION**

Constellation's filings fail to address the relevant standard for protection under the Court's Protective Order.  The burden is on *Constellation*, not TWC, to justify protecting its infringement contentions as "trade secrets" or other confidential information.  It cannot do so, and it never has done so.  Instead, Constellation again resorts to asking the final question first — what harm results in sealing its infringement contentions — rather than addressing the threshold issue:  whether Constellation should be permitted to shield those contentions from public view, especially in light of (1) the plain language of the Protective Order and (2) Constellation's failure to identify *any* specific content in its claim charts that merits protection.  Indeed, according to Constellation's argument, a party could seal *any material it allegedly spent time and effort to create*.  Finally, Constellation ignores the real-world burden and harm foisted on TWC, the Court, and the public when improperly-designated, non-confidential material is used in litigation and sealed from public view.  Constellation's motion for protective order should be denied.

**II.     ARGUMENT**

      **A.     Constellation Ignores The Plain Language Of The Protective Order.**

The Court's Protective Order is clear:  the burden is on the ***designating party*** to demonstrate why a confidentiality designation is proper.  (Dkt. 97 ¶ 19.)  Constellation's only response is to surmise that the burden was somehow shifted to TWC.  (Dkt. 106 at 1.)  Its position is untenable.  Constellation is moving for relief from the Court, and a party seeking a protective order has the burden to demonstrate good cause for that order.  *E.g.*, *Document Generation Corp. v. Allscripts, LLC*, No. 6:08-cv-479-JDL, 2009 WL 1766096, at *2 (E.D. Tex. Jun. 23, 2009) (citing *In re Terra Int'l, Inc.*, 134 F.3d 302, 305 (5th Cir. 1998)).  And the Protective Order is clear that no good cause exists:

1

> 20. The following are examples of information that is not "CONFIDENTIAL INFORMATION," except to the extent such materials are inextricably intertwined with other Protected Material:
> (a) Information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential - Attorneys' Eyes Only Information;

(Dkt. 97, ¶ 20.) Constellation understood the significance of that paragraph and spent three pages fighting its inclusion, stating: "[That provision] would require the Court to . . . strip[] the 'Confidential' designations Constellation already . . . applied to the P.R. 3-1 disclosures." (Dkt. 83, Ex. B at 8.) The Court rejected that argument and included paragraph 20. The Court need not spend any more time on an issue it has already decided.

In an attempt to escape the Protective Order and this Court's precedent in *Fractus*[1] — which interpreted a protective order with the same language at issue here — Constellation tries to create an artificial distinction between "legal" and "technical" examination. But Constellation merely repeats the very argument rejected in *Fractus*:

> Plaintiff states its contentions contain confidential, ***technical*** information generated at great expense by reverse engineering Defendants' products . . . . Although Plaintiff may have utilized expensive, ***technical*** procedures to obtain the information, ***Plaintiff's analysis of the accused products is merely a legal infringement position and not confidential***.

(Dkt. 103, Ex. 13 (*Fractus* slip op.) at 1-2.) *Fractus* thus considered the identical arguments, in light of a protective order with the same language, and denied the plaintiff's motion for a protective order. Constellation's motion here should likewise be denied.

---

[1] Order (Dkt. 410) in *Fractus, SA. v. Samsung Elecs. Co., Ltd., et al.,* Case No. 6:09-cv-203-LED-JDL (June 7, 2010). The *Fractus* opinion was attached as an exhibit to TWC's opposition brief. (*See* Dkt. 103, Ex. 13.)

2

### B. Constellation's Infringement Contentions Do Not Contain Protectable, Technical Material, And It Has Not Demonstrated Any Specific Harm That It Will Suffer If The Charts Are De-Designated.

A party seeking a protective order bears the burden of establishing good cause, which requires a demonstration of "a clearly defined and serious injury to the party seeking closure." *Round Rock Research v. Dell, Inc.*, Case No. 4:11-cv-332, 2012 WL 1848672, at *2 (E.D. Tex. Apr. 11, 2012). Constellation has not — and cannot — meet that burden. No dispute exists that the claim charts contain no TWC-confidential information. Instead, Constellation half-heartedly argues that disclosure of the way that its "arranges, organizes, and presents" its infringement contentions would somehow cause injury. But the Local Rules dictate the template for a patentee's infringement contentions. P.R. 3-1. And if "arrangement, organization, and presentation" were valid excuses to prevent public disclosure, then the vast majority of court filings would be removed from public view.[2]

Constellation has also not demonstrated any "*specific* prejudice or harm will result if no protective order is granted." *In Re Violation of Rule 28(d)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011) (emphasis added). First, Constellation argues that some unidentified entity in the patent licensing business could free-ride off of its generic[3] cable operator claim charts. But any such entity would have different patents and therefore would be unable to leverage Constellation's claim charts for the patents asserted in *this* litigation. Constellation is

---

[2] Likewise, before Constellation can protect its infringement contentions as a "trade secret," Constellation must demonstrate that the underlying value of that information depends on its remaining confidential. Tex. Civ. P. & Remedies Code § 134.A.002. Because Constellation will (presumably) use information in its claim charts in open court, any value of the claim charts does *not* depend on their remaining confidential.

[3] Where Constellation asserts the same patents against TWC and Windstream, the claim charts against those separate defendants are *almost entirely identical*. *Compare* Dkt. 99, Ex. A-2 (PDF page 37) ('917 against TWC) *with* Dkt. 99, Ex. B (PDF page 111) ('917 patent against Windstream). That uniformity belies Constellation's assertions that its infringement contentions comprise proprietary technical information, rather than a disclosure of "merely a legal infringement position." *Fractus*, slip op. at 1-2.

3

simply repeating the same unsuccessful argument that the plaintiff attempted in *Fractus*. (Dkt. 103, Ex. 13 at 1 (rejecting the argument that "disclosure of this information will unfairly benefit its competitors that did not share in the cost of generating the data.")) Constellation has no legitimate interest in securing its infringement analysis from unnamed free-riders looking to poach generic cable operator claim charts that are supposedly tailored to the patents-in-suit. Rather, Constellation is concealing its charts against one enforcement target from its other enforcement targets to extract duplicative and undue royalties. The protective order is not meant to prevent that kind of "injury."

### C.   Over-Designation Harms The Litigants, The Court, And The Public.

Constellation spends most of its reply contending that TWC will not be hurt by designating its infringement contentions. Besides missing the starting point for protective order analysis, Constellation itself ignores the real burdens on TWC, the Court, and the public associated with designating the claim charts. First, Constellation has unilaterally imposed presumptive limits on who TWC can share that material with inside its own company in order to find, collect, and produce the materials relevant to this litigation, especially in view of Constellation's broad and far-ranging infringement contentions. (*See* Dkt. 100.) TWC is barred from cooperating with other cable companies who have a common interest in understanding Constellation's contentions and, more importantly, Constellation has placed restrictions on TWC's ability to cooperate with its equipment vendors who have indemnification obligations to TWC and are in the best position to defend against infringement accusations concerning the equipment the vendors supply to TWC. Moreover, TWC cannot disclose the infringement contentions to the United States Patent and Trademark Office ("PTO"), as discussed further below, without onerous pre-conditions. (Dkt. 103 at 11-13, Ex. 9 at 1) Even though Constellation's infringement

4

contentions contain no confidential information, TWC must identify for Constellation the individuals to whom TWC intends to disclose the contentions, and TWC must hope that Constellation promptly and reasonably responds. That is not an insignificant burden, and it virtually guarantees future disputes.

Second, the Court and public are harmed when material used in court proceedings is kept from public view. *E.g.*, *In Re Violation of Rule 28(d)*, 635 F.3d at 1356; *Bankhead v. Gregg County*, No. 2:11-cv-279-JRG, 2013 U.S. Dist. LEXIS 3001, at *4-5 (E.D. Tex. Jan. 9, 2013). Likewise, the public is harmed if improperly designated materials are concealed from the PTO when reviewing *inter partes* review ("IPR") petitions. The public has an interest in a well-functioning patent system. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 851 (2014); *see, e.g.*, *SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1354 (Fed. Cir. 2005) ("[T]here is a significant public policy interest in removing invalid patents from the public arena."). Though, as Constellation correctly notes, TWC is not a participant in the IPR petitions that were filed for each of the patents-in-suit, the party that initiated those IPR filings requested Constellation's claim charts to submit to the PTO. Constellation refused to make those charts available to the PTO. (Dkt. 103, Ex. 12 at 2.) That does not serve the public's interest in improving patent quality and limiting unnecessary and counterproductive litigation costs. *See* H.R. Rep. 112-98(I), June 1, 2011, at 69. The Court should not permit Constellation to erect obstacles to that process based on its self-serving and non-specific claims of (speculative) harm.

### III.   CONCLUSION

For the foregoing reasons and the reasons stated in its opposition brief, TWC respectfully requests that the Court deny Constellation's Motion For Protective Order.

|  |  |
|---|---|
| Dated:  August 8, 2014 | */s/ Michael E. Jones* |
|  | Michael E. Jones |
|  | Texas State Bar No. 10929400 |
|  | Allen F. Gardner |
|  | Texas State Bar No. 24043679 |
|  | POTTER MINTON PC |
|  | 110 N. College Avenue, Suite 500 |
|  | Tyler, Texas 75702 |
|  | Telephone: (903) 597-8311 |
|  | Facsimile: (903) 593-0846 |
|  | Email: mikejones@potterminton.com |
|  | Email: allengardner@potterminton.com |
|  |  |
|  | John M. Desmarais |
|  | jdesmarais@desmaraisllp.com |
|  | Jonas R. McDavit |
|  | jmcdavit@desmaraisllp.com |
|  | Karim Z. Oussayef |
|  | koussayef@desmaraisllp.com |
|  | Ameet A. Modi |
|  | amodi@desmaraisllp.com |
|  | DESMARAIS LLP |
|  | 230 Park Avenue |
|  | New York, NY 10169 |
|  | Telephone: 212-351-3400 |
|  | Facsimile: 212-351-3401 |
|  |  |
|  | *Attorneys for Defendants Time Warner Cable Inc. and Time Warner Cable Enterprises LLC* |

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via email per Local Rule CV-5(a)(3) on August 8, 2014.

                   */s/ Michael E. Jones*
                   Michael E. Jones