# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CONSTELLATION TECHNOLOGIES LLC | § § | |
| v. | § § | Case No. 2:13-CV-1079-RSP LEAD CASE |
| TIME WARNER CABLE INC., ET AL. | § § | |

## ORDER

The Court conducted a hearing August 12, 2014 (the "Hearing") on a series of motions, and rules as follows.

- Initially before the Court is Constellation's Motion for Protective Order (Dkt. 99). For the reasons set forth at the hearing, the Court finds that Constellation has failed to satisfy its burden in justifying the protection they request, and accordingly **DENIES** Constellation's Motion for Protective Order (Dkt. 99).[1]

- Also before the Court is Time Warner's Motion to Strike Constellation's Infringement Contentions (Dkt. 100). For the reasons set forth at the Hearing, the Court finds that Time Warner has not met its burden in showing that Constellation's Infringement Contentions (the "Contentions") are so deficient they warrant striking. The relief Time Warner appears to truly seek is assurance that Constellation will be held to the substance of the theories set forth in the Contentions. Constellation does not dispute that if discovery in this case causes them to substantively alter or deviate from the theories set forth in the

---

[1] The Court notes that this ruling is made upon the representations of Time Warner's counsel at the hearing: that Time Warner intends to use these documents for what this Court believes are legitimate litigation purposes and will not, as Constellation fears, simply circulate the document to various parties not involved in this or related cases with the purpose of harming Constellation.

Contentions, they must amend. Accordingly, Time Warner's Motion to Strike Constellation's Infringement Contentions (Dkt. 100) is **DENIED**.

- Finally before the Court is Constellation's Emergency Motion to Compel (Dkt. 102). For the reasons set forth at the Hearing, the Motion to Compel is **GRANTED IN PART** as follows:

    o Time Warner is **ORDERED** to promptly designate and produce 30(b)(6) witnesses in response to the previous Notice by September 12, 2014.

    o Time Warner is **ORDERED** to supplement "Interrogatory 1" discussed at the Hearing with the name and version of any software used in accordance with the interrogatory, and to supplement "Interrogatory 2" discussed at the Hearing with the model numbers of the devices set forth in its initial response to that interrogatory. The initial supplementation (with the software and devices that TWC is currently utilizing) shall take place by September 2, 2014. The parties have agreed to meet and confer to come to agreement on additional supplementation regarding prior versions/devices used by TWC to the extent they are relevant.[2]

    o The parties are **ORDERED** to meet and confer as necessary to the extent that any dispute exists regarding "correlation" of documents to relevant issues in the case. While the Court does not, by this order, require Time Warner to correlate all documents as a matter of course, the Court expects

---

[2] The Court trusts that Time Warner will produce those prior versions/devices in a timely manner, consistent with their request to utilize a "rolling production" method on these issues.

- 3 -

that Time Warner will use its best efforts to correlate specific documents or groups of documents upon request by Constellation.

**SIGNED this 12th day of August, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE